Mark Ankcorn (166871)
*mark@ankcornlaw.com*
Ann Marie Hansen (282008)
*annmarie@ankcornlaw.com*
ANKCORN LAW FIRM PLLC
1060 Woodcock Road, Suite 128
Orlando, Florida 32803
(321) 422-2333
(619) 684-3541 fax

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Sherry Best**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**Credit One Bank, N.A.**,<br><br>Defendant. | Case No.<br><br>**Complaint for Damages**<br><br>Jury Trial Demanded |

1.  Sherry Best ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful and abusive attempts by Credit One Bank, N.A. ("Defendant"), and its agents to collect a debt, causing Plaintiff damages.

2.  For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

///

Complaint—1

## Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227, and under 28 U.S.C § 1367 for pendant state law claims.

4. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"), as well as tortious conduct.

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b), in that Plaintiff resides in this District, Defendant transacts business in this District and the acts giving rise to this action occurred in this District.

## Parties

6. Plaintiff is, and at all times mentioned herein was, a resident and domiciliary of Sacramento, California. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39) and California Civil Code § 1788.2(g).

7. Defendant is a national banking association operating from an address of 585 Pilot Road, Las Vegas, Nevada. Defendant is a person who, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Defendant is not an attorney or counselor at law, nor an association of such licensed professionals.

8. At all times relevant Defendant conducted business in the State of California and in the County of Sacramento, within this judicial district.

## Factual Allegations

9. Cal. Civ. Code §§ 1788.2(d), (e), and (f) define the terms "debt," "consumer credit transaction," and "consumer debt" together to include money which is due or owing, or alleged to be due or owing, from a natural person to

Complaint—2

another person and which is or was incurred primarily for personal, family, or household purposes.

10. Defendant alleges in its communications with Plaintiff that Plaintiff is responsible for credit card debt that is due or owing. Upon information and belief, Plaintiff alleges that this debt was incurred for personal, family, or household purposes and therefore meets the definition of a consumer debt under Cal. Civ. Code § 1788.2(f).

11. Defendant's various communications with Plaintiff discussed in this Complaint all fall within the term "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

12. Plaintiff is a subscriber to cellular telephone services for a telephone number ending in 0348, where she received the calls from Defendant complained of herein.

13. Beginning on or before January 1, 2017, Defendant initiated multiple telephonic communications from various telephone numbers to Plaintiff's cellular telephone number ending in 0348 using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and/or an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227 (b)(1)(A).

14. This ATDS used by Defendant to call Plaintiff had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15. Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by Plaintiff; the balance allegedly owed was less than eight hundred dollars.

16. The calls continued at least through October 1, 2017 and came virtually every day and often more than once per day. The precise number is unknown to Plaintiff and she seeks discovery to determine the exact number and timing.

17. Respondent, or its agents and vendors operating under its strict control and using Respondent's name in all such communications, would frequently place back-to-back phone calls to Claimant's cellular telephone. Claimant would answer, would hear nothing, then the call would terminate; seconds later, a call would again arrived with the same dead air. Respondent placed six or more such back-to-back calls on multiple occasions.

18. These calls were harassing, repetitive, and deliberately calculated to intrude on Plaintiff's privacy. For example, during the week ending Friday, August 18, 2017, Claimant received 53 phone calls from Respondent and 61 calls the week before. During that month (August 2017) Respondent called an average of eight times per day.

19. Based on the call history, Plaintiff conservatively estimates that well in excess of 500 calls have been placed by Defendant to her cellular telephone number ending 0348.

20. None of the calls were made with Plaintiff's express consent.

21. Each of the calls were made by Defendant or a third party acting on its behalf and under its control using telephone equipment that meets the definition of an "automatic telephone dialing system" under the TCPA.

22. Plaintiff answered several of the above mentioned autodialed telephone calls from Defendant and asked Defendant to stop calling. Despite this clear and unmistakable request, the calls continue without interruption. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

23. Several of the calls when answered played a pre-recorded message.

24. At various times, Defendant programmed its telephone dialing system to show as the incoming caller ID number telephone numbers in the 916, 209, 559, and other area codes from across the country, including Texas and Indiana.

Complaint—4

25. Upon information and belief, Plaintiff alleges that Defendant has no call center in those geographic areas and instead uses false and misleading caller ID information in a calculated effort to increase the rate at which Plaintiff and other consumers will answer Defendant's collection calls.

26. When Defendant began employing false and deceptive caller ID information for its incoming calls, Defendant tricked Plaintiff into answering many calls she did not intend to take, causing increased telephone charges.

27. Plaintiff also began to ignore or send to voice mail many incoming calls from numbers she did not recognize, out of frustration in dealing with Defendant's unwanted and intrusive calls. In doing so, she missed many important communications from friends and family.

28. These telephone communications constituted communications that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

29. Plaintiff did not provide prior express consent to receive calls or messages placed utilizing an ATDS, as required by 47 U.S.C. § 227 (b)(1)(A).

30. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

31. Additionally, Defendant used an artificial and/or pre-recorded voice to make calls to Plaintiff's cellular telephone, which is a separate and independent violation of the TCPA and makes Defendant liable for additional statutory damages.

32. Through this conduct of calling Plaintiff and causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number, Defendant engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the debt, in violation of 15 U.S.C. § 1692d(5), which is incorporated into the RFDCPA by

Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

33. Through this conduct of calling Plaintiff continuously after Plaintiff informed Defendant numerous times that Plaintiff wished the calls to cease, Defendant used false, deceptive, or misleading representations in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

34. Through this conduct of calling Plaintiff using deliberately false caller ID area code information, Defendant used false, deceptive, or misleading representations in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

35. Each of the above-described practices and conduct outlined in the preceding paragraphs also constitute unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

36. Through this conduct of calling Plaintiff by means of an ATDS to a telephone number assigned to cellular service without first obtaining Plaintiff's express consent in order to collect on a consumer debt, Defendant used unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

37. Plaintiff felt frustrated, angry, and helpless as a result of the calls. The unrelenting, repetitious calls disrupted Plaintiff's daily activities and peaceful enjoyment of her personal life.

38. The calls placed by Defendant to Plaintiff were extremely intrusive into Plaintiff's personal life by both pattern and volume, and had a detrimental affect on her relationships with close family members.

39. Defendant is no stranger to TCPA litigation. On January 24, 2013, a consumer filed a putative national class action against Defendant alleging violations of the TCPA for making calls using an ATDS to call her cell phone. *Foote v. Credit One Bank, N.A.*, Case No. 2:13-cv-512 (C.D.Cal.). This lawsuit was resolved but well before Defendant began placing calls to Plaintiff complained of here, it was facing at least three other national class actions for similar TCPA claims. See, e.g., *Bridge v. Credit One Financial, d/b/a Credit One Bank, N.A.*, Case No. 2:14-cv-1512 (D.Nev., filed Sept. 17, 2014); *Kristensen v. Credit One Bank, N.A.*, Case No. 2:14-cv-7963 (C.D.Cal., filed Oct. 15, 2014); *A.D. v. Credit One Bank, N.A.*, Case No. 1:14-cv-10106 (N.D.Ill., filed Dec. 17, 2014).

40. Despite knowing its obligations under state and federal law to refrain from placing unconsent calls to consumers' cell phones, Defendant nevertheless placed more than five hundred calls to Plaintiff's cell phone in deliberate disregard of those duties and obligations.

41. Plaintiff originally brought her claims in an arbitration forum, as required by the terms of the written credit card agreement authored by Defendant and forced on its customers in a take-it-or-leave-it manner with no opportunity for negotiation. She filed an Initial Demand for Arbitration with JAMS on October 3, 2017, and completed all required paperwork to start the process of dispute resolution. Under the JAMS Consumer Minimum Standards, Plaintiff was not required to pay an initial deposit of $250 because her annual income is less than 300% of the federal poverty guidelines.

42. Upon information and belief, the JAMS case manager assigned to her matter sent multiple invoices to Defendant for payment. As of the date of

filing, more than two months after bringing her initial demand, Defendant has failed to pay any of its required fees.

43. The law in the Ninth Circuit is well-established that a party "must itself participate in properly initiated arbitration proceedings or forego its right to compel arbitration." *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1005 (9th Cir. 2005). Since Defendant has breached the terms of its own contract, it cannot compel arbitration and this Court is the appropriate forum for resolving the claims asserted.

## First Claim for Relief

## Telephone Consumer Protection Act — 47 U.S.C. § 227(b)(1)

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Within a four-year period immediately preceding this action, Defendant made more than five hundred calls to Plaintiff's cellular telephone service using an automatic telephone dialing system and/or an artificial or prerecorded voice in violation of the TCPA.

46. As a direct and intended result of the above violations of the TCPA, Defendant caused Plaintiff to sustain damages.

47. Defendant did not have prior express consent from Plaintiff to use an ATDS or to employ an artificial or prerecorded voice to call the Plaintiff's cellular telephone.

48. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of not less than $500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Defendant willfully and knowingly violated the TCPA, and as such Plaintiff is entitled to as much as $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(C).

50. Plaintiff is entitled to injunctive relief prohibiting such conduct in the future.

### Second Claim for Relief
### RFDCPA — Cal. Civil Code §§ 1788-1788.32

51. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

52. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

53. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant; and an award of remedies arising under 15 USC § 1692k of actual damages, statutory damages of $1,000.00, costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.17 from Defendant.

### Third Claim for Relief
### Negligence

54. Plaintiff re-alleges and incorporates by reference the above paragraphs as through set forth fully herein.

55. Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to the statutes described herein. Specifically, Defendant owed a duty to Plaintiff to refrain from abusive and harassing debt collection practices. While creditors have a recognized privilege under California law to contact persons it believes responsible for debts, this privilege is not absolute and requires creditors including Defendant to act in a manner that is respectful, honest, and non-intrusive.

Complaint—9

56. Defendant breached Defendant's respective duties by engaging in the acts described herein each in violation of the statutes alleged herein.

57. Plaintiff asserts that Defendant is both the actual and legal cause of Plaintiff's injuries.

58. Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered significant emotional distress and anxiety, which worsens her pre-existing physical disabilities.

59. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct Defendant's conscious disregard for Plaintiff's rights entitles Plaintiff to recover punitive damages from Defendant.

## Fourth Claim for Relief

## Invasion of Privacy

60. Plaintiff re-alleges and incorporates by reference the above paragraphs as through set forth fully herein.

61. Plaintiff had an objectively reasonable expectation of privacy at home and when conducting her daily affairs, to expect that she would not be subject to eight or more phone calls every day for weeks at a time. Defendant's unrelenting campaign of harassment by placing more than five hundred repeated phone calls intruded into this reasonable expectation of privacy.

62. The frequency and cumulative volume of Defendant's phone calls were received in a manner that would be highly offensive to a reasonable person in the same or similar circumstances.

## Jury Trial Demand

63. Plaintiff demands a jury trial on each of the causes of action set forth above, including the amount of statutory damages.

**Prayers for Relief**

Wherefore, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

1. An injunction against the calling of Plaintiff's cellular telephone by Defendant and its contractors, agents and employees;
2. Damages pursuant to 47 U.S.C. § 227(b)(3);
3. Damages pursuant to Cal. Civ. Code §§ 1788.17 and 1788.30;
4. General, special, and punitive damages according to proof;
5. Costs of litigation and reasonable attorneys' fees;
6. Such other and further relief as the Court may deem just and proper

Dated:   December 7, 2017        Ankcorn Law Firm PLLC

/s/ Mark Ankcorn

Attorneys for Plaintiff